UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRYAN BOBBITT and FRANKLIN
FROST,

    Plaintiffs,

v.                                                          Case No:   6:13-cv-1592-Orl-22TBS

FRANE'S AUTO RECYCLING, INC. and
ED WALSH,

    Defendants.

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiffs' Motion for Entry of Default Final Judgment Against Defendants, Frane's Auto Recycling, Inc. and Ed Walsh. (Doc 13). Neither defendant has responded and the time to do so has expired. Upon consideration of the motion and prevailing case law, I respectfully recommend that Plaintiffs' motion be **GRANTED in part** and **DENIED in part**.

## I. Background

On October 16, 2013, Plaintiffs Bryan Bobbitt and Franklin Frost filed this action against Defendants Frane's Auto Recycling, Inc. and Ed Walsh for unpaid overtime compensation and declaratory relief. (Doc. 1). Plaintiffs allege that they were employed as non-exempt call representatives at Defendants' auto recycling company. (Id. ¶ 17). Plaintiffs further alleged that on various occasions, they worked for Defendants in excess of forty (40) hours per workweek, but that "Defendants failed to compensate [them] at a

---

[1] Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

rate of one and one-half times [their] regular rate for all hours worked in excess of forty (40) hours in a single workweek." (Id. ¶¶ 20-21). Neither defendant has responded to the Complaint and Plaintiffs now request that default judgments be entered against them.

## II. Discussion

### A. Default Judgment

The entry of a default by the Clerk does not necessarily require the court to enter a default judgment. DIRECTV, Inc. v. Trawick, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005). Along with the requirement that the Clerk's entry of default be proper, the Court may enter a default judgment only if the Complaint sufficiently alleges a basis for default judgment. Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[2] Before the Court will enter judgment pursuant to FED. R. CIV. P. 55(b), there must be a sufficient basis in the pleadings to support the relief sought. DIRECTV, Inc., 359 F. Supp. 2d at 1206. "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short . . . a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." Nishimatsu, 515 F.2d at 1206.

### B. Appropriateness of the Clerk's Entry of Default

#### 1. Defendant Ed Walsh

The rules regarding service of process in a federal action are set forth in Federal Rule of Civil Procedure 4. Rule 4(e) provides that an individual may be served by giving a copy of the summons and complaint to the individual personally; giving a copy of the summons and complaint to an age-appropriate person who lives at the individual's

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

"dwelling or usual place of abode;" serving a copy on the person's agent "authorized by appointment or by law" to receive process; or by a manner permitted under the laws of the state in which the federal district court is located for an action brought in a court of jurisdiction in that state. FED. R. CIV. P. 4(e).

A clerk's default was entered against Defendant Walsh on December 11, 2013. (Doc.10). According to the "Return of Service" filed on December 10, 2013, the process server effected service on Defendant Walsh[3] on November 1, 2013. (Doc. 8-1 at 2). Under the guidelines established by Rule 4(e), service on Defendant Walsh was proper. Upon being served with the summons and complaint, he was required to respond on or before November 22, 2013. See FED. R. CIV. P. 12(a)(1)(A)(i) ("A defendant must serve an answer within 21 days after being served with the summons and complaint[.]"). Defendant Walsh failed to respond to Plaintiffs' complaint and the time to do so has passed, thus the clerk's default was properly entered.

### 2. Defendant Frane's Auto Recycling, Inc.

A plaintiff may serve a corporate defendant by

> [D]elivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and–if the agent is one authorized by statute and the statute so requires–by also mailing a copy of each to the defendant[.]

FED. R. CIV. P. 4(h)(1)(B). A plaintiff may also serve a defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" FED. R. CIV. P. 4(h)(1)(A), 4(e)(1). Florida Statutes permit process to be served on a corporation by serving any

---

[3] In her affidavit, Plaintiffs' counsel implies that the "Edward T. Walsh, IV" that was served on November 1, 2013 (Doc. 8-1 at 2) is the Ed Walsh that is a defendant in this case. (Doc. 8-3 ¶ 4).

- 3 -

one of the following persons: (a) the president, vice president or other corporate head; (b) the cashier, treasurer, secretary, or general manager; (c) any corporate director; (d) any officer or business agent residing in Florida; or (e) an agent designated by the corporation under FLA. STAT. 48.091.[4] See FLA. STAT. § 48.081. If the address provided for the registered agent, officer, or director is a residence or private mailbox, "service on the corporation may be [made by] serving the registered agent, officer, or director in accordance with s. 48.031." Id. at § 48.081(3)(b). Section 48.031, permits a process server to effect service on "any person residing therein who is 15 years of age or older . . ." FLA. STAT. § 48.031(1)(a).

A clerk's default was entered against the corporate defendant on December 11, 2013. (Doc. 9). Plaintiffs' return of service lists Defendant Walsh as the corporate defendant's registered agent. (Doc. 8-2 at 2). The official address listed for registered agent Walsh is: 1600 West Eau Gallie Blvd, Suite 203, Melbourne, FL 32935.[5] The process server attempted service at the Eau Gallie Blvd. address, but the corporate

[4] FLA. STAT. § 48.091 provides that:

> (1) Every Florida corporation and every foreign corporation now qualified or hereafter qualifying to transact business in this state shall designate a registered agent and registered office in accordance with chapter 607.
>
> (2) Every corporation shall keep the registered office open from 10 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and shall keep one or more registered agents on whom process may be served at the office during these hours. The corporation shall keep a sign posted in the office in some conspicuous place designating the name of the corporation and the name of its registered agent on whom process may be served.

Under the statute, if plaintiff is unable to serve the registered agent because of the failure to comply with FLA. STAT. § 48.091, "service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent." FLA. STAT. § 48.081(3)(a).

[5] http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail/EntityName/domp-p11000077097-fc57f408-710c-44a7-aff3-a54df5cf0966/frane's%20auto%20recycling/Page1. The Reinstatement and Articles of Incorporation attached to the corporation's official electronic profile identifies an alternate address for registered agent Walsh: 2641 Dolfino Court, St. Cloud, FL 34772.

defendant was ultimately served at: 3985 Fenrose Circle, Melbourne, FL, 32940. (Doc. 8-1 at 2). The affidavits filed by Plaintiffs and their counsel fail to establish that the address where service was effected was Defendant Walsh's actual dwelling place or abode. See (Doc. 13-1; Doc. 13-2; Doc. 8-3). Nevertheless, the corporate defendant was served one week after Defendant Walsh was served in his individual capacity at the same location. The Court will accept this as circumstantial evidence of Defendant Wals' residential address. The process server effected service on a sixteen year old individual who resided at the Fenrose Circle address. (Doc. 8-2 at 2). Pursuant to the guidelines established in Rule 4(h), service on the corporate defendant was proper. Upon being served with the summons and complaint, the corporate defendant was required to respond on or before November 29, 2013. See FED. R. CIV. P. 12(a)(1)(A)(i) ("A defendant must serve an answer within 21 days after being served with the summons and complaint[.]"). The corporate defendant failed to respond to the complaint and the time to do so has passed. Thus, the clerk's default was properly entered.

### C. Entry of Default Judgment is Proper

The Court has considered the well-pled allegations and the record evidence in this case and finds that Plaintiffs' allegations support the entry of judgment against both defendants on the basis of Count I of their complaint.[6] "To prevail on [their] claim for unpaid overtime compensation under the FLSA, Plaintiff[s] must prove that [they were] suffered or permitted to work without compensation.'" Stuart v. Resurgens Risk Mngm't,

---

[6] Plaintiffs have also asserted a claim for declaratory relief. (Doc. 1 ¶¶ 37-50). The declaration sought is essentially the same as Plaintiffs' claim for unpaid overtime compensation. (Id. ¶¶ 28-36). Therefore, I respectfully recommend that the district court deny Count II as moot. See Perret v. Wyndham Vacation Resorts, Inc., 889 F. Supp. 2d 1333, 1346-47 (S.D. Fla. 2012) ("[A] court should not entertain an action for declaratory relief when the issues are properly raised in other counts of the pleadings and are already before the court.") (citing Fernando Grinberg Trust Success International Prop., Inc. v. Scottsdale Ins. Co., Case No.: 10-20448-Civ-COOKE/BANDSTRA, 2010 U.S. Dist. LEXIS 69229, *1 (S.D. Fla. June 21, 2010))

Inc., No. Civil Action No. 1:11-CV-04251-RWS, 2013 WL 2903571, at *8 (N.D. Ga. June 12, 2013) (citing Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1314 (11th Cir.2007)). "Courts have interpreted this to mean that a FLSA plaintiff must demonstrate that (1) he or she worked overtime without compensation and (2) the [employer] knew or should have known of the overtime work." Id.

Plaintiffs allege that with Defendants' knowledge, "[f]rom at least October 1, 2012, and continuing through February 8, 2013, [they] worked in excess of forty (40) hours in one nor more workweeks for which Plaintiffs were not compensated at the statutory rate of one and one-half times Plaintiffs' regular rage of pay." (Doc.1). I find that Plaintiffs have adequately stated causes of action for unpaid overtime compensation, and that by virtue of the defaults, Defendants have admitted these averments. See Nishimatsu, 515 F.2d at 1206.

The affidavits attached to Plaintiffs' motion are sufficient to support the following requests for damages:

**Plaintiff Bobbitt:**

Hourly rate = $500.00 / 40 hours per week = $12.50 per hours

Overtime rate = $12.50 x 1.5 = $18.75

Owed $18.75 for each overtime hour worked

$18.75 x 8.5 (average number of overtime hours per week) = $159.38 (per week)

$159.38 x 49 weeks worked = $7,809.62

Plus overtime owed for driving trip = 38 hours x $18.75 = $712.50

Total damages: Unliquidated = $8,522.12

Liquidated = $17,044.24

. . . .

**Plaintiff Frost:**

- 6 -

>   Hourly rate = $450.00 / 40 hours per week = $11.25 per hour
>
>   Overtime rate = $11.25 x 1.5 = $16.88
>
>   Owed $16.88 for each overtime hour worked
>
>   $16.88 x 8.5 (average number of overtime hours per week) = $143.48 (per week)
>
>   $143.48 x 9 weeks worked = $1,291.32
>
>   Plus overtime owed for driving trip = 38 hours x $16.88 = $641.44
>
>   Total damages: Unliquidated = $1,932.76
>
>   Liquidated = $3,865.52

(Docs. 13-1 and 13-2); see also Benton v. Rousseau, 940 F. Supp. 2d 1370, 1380-81 (M.D. Fla. 2013) ("Plaintiff may establish the necessary amount of damages for entry of a default judgment by affidavit[.]"); Jenkins v. North Texas Maint. Inc., No. 2:12-cv-677-FtM-38DNF, 2013 WL 3802527, at *2 (M.D. Fla. July 19, 2013).   Therefore, I respectfully recommended that the motion for default judgment on Count I be granted as to both, liability and damages.

### III. Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

1. Plaintiffs' Motion for Entry of Default Final Judgment Against Defendants Frane's Auto Recycling, Inc. and Ed Walsh (Doc. 13) be **GRANTED IN PART AND DENIED IN PART**.

>   a. The motion be **GRANTED** as to Count I.
>
>   b. The motion be **DENIED AS MOOT** as to Count II.

2. That judgment be **ENTERED** for Plaintiffs and against both defendants, as described here in.

3. That the Court **AWARD** pre-judgment interest on the actual damages from the day following Plaintiffs' final day of employment.

- 7 -

4. That Counsel for Plaintiffs be given leave to **FILE** a motion for fees and costs and a motion for post-judgment interest.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on March 11, 2014.

_____
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record